**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 06-cv-02430-REB-MJW

GAIL VENTO,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

## ORDER CONCERNING UNITED STATES' MOTION TO DISMISS

**Blackburn, J.**

This matter is before me on the **United States' Motion To Dismiss** [#9], filed February 9, 2007. The petitioner has filed a response, and the United States has filed a reply. I deny the motion.

### I. JURISDICTION

I have jurisdiction over this case under 28 U.S.C. § 1340 (Act of Congress providing for internal revenue) and 26 U.S.C. § 7609(h) (proceeding to quash third-party summons).

### II. STANDARD OF REVIEW

A motion to dismiss for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1) may consist of either a facial or a factual attack on the complaint. *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995). I construe the United States' motion as presenting a factual attack because the United States challenges the validity of service on the United States, an issue that concerns facts not addressed in the petition. In

addressing a factual attack I have wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts. ***E.F.W. v. St. Stephen's Indian High School***, 264 F.3d 1297, 1303 (10th Cir. 2001).

In this case, there are no disputed jurisdictional facts. The parties agree that the petitioner served the United States on January 8, 2007. The parties' dispute concerns whether service on the United States was timely. That question can be resolved by determining which of two legal standards determines the time limit for service on the United States in this case.

### III.  BACKGROUND

This case concerns the plaintiff's petition to quash a summons issued by the Internal Revenue Service to the University of Colorado (CU). The summons directs CU to produce certain documents concerning the petitioner, Gail Vento. Vento was given notice of the IRS summons on November 17, 2006. *Declaration of Goud P. Maragani* [#10], filed February 9, 2007, Exhibit A. On December 4, 2006, Vento filed her petition to quash the summons. At the same time, she served both CU and the issuing IRS officer with a copy of her petition. On January 8, 2007, 52 days after she first received notice of the summons, Vento served the Attorney General of the United States and the United States Attorney for the District of Colorado.

The United States does not challenge the propriety or timeliness of service on CU and on the issuing IRS officer. However, the United States argues that Vento's service on the United States was not timely under 26 U.S.C. § 7609(b)(2)(B). Absent timely service, the United States argues, Vento's case does not satisfy the statutory requirements of the United States' waiver of sovereign immunity for challenges to an IRS summons directed to a third-party. If the United States has not waived sovereign

2

immunity as to Vento's claim, then this court lacks subject matter jurisdiction over her claim.

Vento argues that § 7609(b)(2)(B) is not applicable to service of the petition on the United States. Rather, she asserts that FED. R. CIV. P. 4 controls service on the United States in this case, and that she served the United States well within the time limit provided in Rule 4(m).

### IV.  ANALYSIS

"The United States, as sovereign, is immune from suit save as it consents to be sued, and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." **United States v. Sherwood**, 312 U.S. 584, 586 (1941) (citations omitted). When the United States has waived sovereign immunity, a suit brought under the terms of the waiver must be in exact compliance with the terms of the statute that defines the waiver. **U.S. v. Nordic Village, Inc.**, 503 U.S. 30 (1992).

In 26 U.S.C. § 7609, Congress provided a method by which a taxpayer can challenge an IRS summons issued to a third-party. Section 7609 amounts to a waiver of sovereign immunity for the purpose of such challenges. Section 7609(b)(2)(A) requires a party who files a petition to quash a third-party IRS summons to "begin a proceeding to quash such summons not later than the 20th day after the day [notice of the summons] is given," as provided in subsection (a)(2). Section 7609(b)(2)(B) sets a time limitation on service of such a petition, and provides:

> If any person begins a proceeding under subparagraph (a) with respect to
> any summons, [then] not later than the close of the 20-day period referred to
> in subparagraph (A) such person shall mail by registered or certified mail a
> copy of the petition to the person summoned and to such office as the
> Secretary may direct in the notice referred to in subsection (a)(1).

26 U.S.C. § 7609(b)(2)(B). The 20-day period begins to run when the petitioner receives

notice of the summons.

Vento says she complied with the requirements of § 7609(b)(2)(B) when she served both CU and the issuing IRS officer with a copy of her petition, on or about December 4, 2006.  The United States argues that the requirement that Vento mail a copy of the petition to "such office as the Secretary may direct in the notice" includes also a requirement that Vento serve her petition on the United States within 20 days after she received notice of the summons.  Vento contends that service on the United States is controlled by FED. R. CIV. P.  4, and that § 7609(b)(2)(B) controls only service on CU and on the IRS.

This issue has been discussed in varying levels of detail in several opinions of federal district courts.  *Tilley v. U.S.*, No. 03CV319 (November 1, 2004) (Recommendation of United States Magistrate Judge) 2004 WL 2944639, *3 (summarizing district court opinions).  Some courts have concluded that service on the United States in this context is subject to the 20 day requirement of § 7609(b)(2)(B).  *Id*. (citing cases).  Other courts have concluded that § 7609(b)(2)(B) is applicable to service on the person summoned and on the IRS, while only FED. R. CIV. P. 4 governs service on the United States.  *Id*. (citing cases).

I conclude that § 7609(b)(2)(B) does not govern service of Vento's petition on the United States.  This statutory subsection does not clearly delineate that service on the United States is subject to this strict time limitation.  Congress could have specified that service on the United States is subject to this requirement, but it did not do so.  To include service on the United States in the statute's phrase "such office as the Secretary may direct in the notice" requires a strained reading of the statute.  To the extent other courts have read this statute differently, I respectfully disagree.

4

My reading of the statute is consistent with Treasury Regulation § 301.7609-3(b)(2), which outlines the requirements for filing a petition to quash under § 7609.

> In order to institute a proceeding to quash a summons the notified person. . . must, not later than the 20th day following the day the notice of the summons was served on or mailed to such notified person:
>
> (i) File a petition to quash in the name of the notified person in a district court having jurisdiction,
>
> (ii) Notify the Service by sending a copy of that petition by registered or certified mail to the Service employee and office designated to receive the copy in the notice of summons that was given to the notified person, and
>
> (iii) Notify the recordkeeper by sending to that recordkeeper by registered or certified mail a copy of the petition.
>
> Failure to give timely notice to either the summoned party or the Service in the manner described in this paragraph means that the notified person has failed to institute a proceeding to quash and the district court has no jurisdiction to hear the proceeding.

Treas. Reg. § 301.7609-3(b)(2) (26 C.F.R. § 301.7609-3(b)(2)).  This regulation, which is based on the requirements of § 7609(b)(2)(B), contemplates a 20 day time limitation on notice to "the summoned party or the Service," but, like the statute, does not mention service on the United States.

The notice of the summons given to Vento also is consistent with this reading of the statute.  *Petition*, Exhibit A.  Page two of the notice includes ten numbered paragraphs under the heading "Instructions for Preparing a Petition to Quash."  Paragraph nine says:

> Your petition must be served upon the appropriate parties, including the United States, as required by Federal Rule of Civil Procedure 4.

Paragraph ten says:

> At the same time you file your petition with the court, you must mail a copy of your petition by certified or registered mail to the person summoned and to the IRS.  Mail the copy for the IRS to the officer whose name and address are shown on the face of this summons.  See 7609(b)(2)(B).

5

Like the statute and the Treasury Regulation, the notice does not indicate that the service requirements of § 7609(b)(2)(B) are applicable to service on the United States.

It is undisputed that service on the United States is required in this case. If § 7609(b)(2)(B) does not control the timing of such service, then FED. R. CIV. P. 4, which specifically addresses service on the United States and the deadline for service generally, is controlling. Rule 4(i) outlines the permissible means of serving the United States, and Rule 4(m) provides an initial 120 day deadline to complete service. Here, it is undisputed that Vento properly served the United States within 120 days of the date on which she filed her petition. Vento's service on the United States was timely.

## V.  CONCLUSION & ORDER

Vento's petition and her service of that petition on the relevant persons complies with the requirements of § 7609 and FED. R. CIV. P. 4. Her petition was brought within the terms of the United States' waiver of sovereign immunity for such petitions and, therefore, I have jurisdiction over her petition.

**THEREFORE, IT IS ORDERED** that the **United States' Motion To Dismiss** [#9], filed February 9, 2007, is **DENIED**.

Dated May 23, 2007, at Denver, Colorado.

**BY THE COURT:**

**s/ Robert E. Blackburn**
**Robert E. Blackburn**
**United States District Judge**